May it please the Court, in this case the District Court's extreme and unreasonable departure from this Court's precedent and from the United States Supreme Court's precedent resulted in a federal court vacating a state prisoner's criminal judgment on a claim that has never been adjudicated by a state court or a federal court. The District Court action not only resulted in several errors of law but also ran contrary to the entire purpose and structure of the federal habeas practice and rules. Now the first error that the Court made was by excusing Mr. Franklin from having to exhaust all of the state remedies that could be available to him. After the state responded that Mr. Franklin's claims were unexhausted, the District Court determined on its own without any evidence or review of case law practice that Mr. Franklin could not file a state petition for habeas corpus just on the District Court's own reading of the state's habeas corpus rule. But as we've discussed in our brief there are several indications in Missouri law and Missouri practice that a state habeas corpus petition could have been available to Mr. Franklin. The question is not whether it's available but whether it was manifest on the record that the District Court could excuse him from having to pursue that remedy and it was not manifest on the record. In fact the District Court didn't consider any cases or any practice in making that decision and reviewed only its own reading of the rule. Second, the District Court erred in excusing Mr. Franklin's procedural default. The District Court relied on Martinez versus Ryan. The District Court found that the form of relief that Mr. Franklin pursued in state court was sufficient to adjudicate his claims but it found that because he was But the problem with that analysis is Mr. Franklin's default did not occur in the state proceeding. It occurred when he failed to appeal from the state court proceeding. This court has repeatedly limited Martinez versus Ryan only to its facts. This court has repeatedly held that Martinez can't be extended beyond initial collateral review proceedings that claim ineffective assistance of trial counsel. Mr. Franklin's default occurred when he does not fall under Martinez versus Ryan. Counsel, were any of those cases pro se in the post-conviction process? None of the cases the court has examined involved inmates who were initially pro se at their initial collateral review proceedings. But I mean the cases you were referring to. So that's that's the that's the new issue here, isn't it? Whether that matters. Yes, your honor. That is a new spin on this court precedent. This court precedent already holds that simply being pro se does not excuse an inmate's default. Look to Smitty versus Lockhart. But the relevant issue here is that Mr. Franklin did effectively raise his claim in the state court proceeding that he chose to pursue. The 2907 D proceeding. He did raise his claim and included all the relevant information about it. So we can't say that the procedural default occurred at that proceeding. It only occurred when he later failed to appeal it. So his pro se status had no effect on his ability to effectively litigate the claim at the state court level. Counsel could have done no more than raise it the way he raised it. Is that your point? Yes, that's absolutely true. Or at least there's no evidence that counsel could have done anything different and the state has not faulted him for anything that he did in the 2907 D proceeding. We don't say that he didn't raise the claim correctly. He did. He just failed to appeal. Which this court has already held in Arnold versus Dormier is a procedural default that used under Martinez versus Ryan. So the district court should have dismissed on the procedural default issue. Third, this court, the court erred by failing to show deference to the state court decision. It's arguable that the state court decision was not a merits ruling, but the district court under federal precedent decided that the state court's ruling must have been a merits ruling, even though it was summarily dismissed without requesting a response from the state. The district court found that the state court's ruling must have been unreasonable under federal case law because they could not have applied the Roe versus Flores Ortega structural error prejudice standard. But this court's case law has held that state courts don't have to rely necessarily on this circuit's case law. This court, of course, has expanded Roe versus Flores Ortega to cases where defendants have waived or partially waived their right to appeal. I believe that's Watson versus Bowersox. But two other circuits, as Judge Grunder noted in Withar in his concurrence, two other circuits have not made that expansion. Both the Third and the Fifth Circuit have held that defendants who have waived or partially waived their right to an appeal, the Roe versus Flores Ortega structural error standard does not apply in those cases. So under Colvin versus Taylor, the state court was allowed to rely on other circuits precedent in order to make a reasonable application of federal law. So the district court failed to give deference under Colvin, and if it had, it would have summarily dismissed Mr. Franklin's claim, as the state court did. Fourth, and perhaps most seriously, the district court failed to hold an evidentiary hearing on Mr. Franklin's claims or allow the state to present evidence to contradict them or to cross-examine Mr. Franklin or his adjudicated, the state has never cross-examined Mr. Franklin's allegations, the state has never had an opportunity to do so, and the state has never had an opportunity to present evidence. So what would the evidence be? I'm sorry? What would the evidence be that you'd want to present? Yes, Your Honor. Once the state was put on notice that the district court was going to decide the claim without having an evidentiary hearing, which was only when the district court decided the claim, the state obtained two affidavits from Mr. Franklin's trial counsel in which they conclusively refuted his claim by both saying, Mr. Franklin never instructed us to file an appeal from his state guilty plea. He could have lost on the facts, is what you're saying. He absolutely could have lost on the facts. Even without any evidence, he could have lost on the facts simply if the state had effectively cross-examined his allegations, and the district court never gave the state an opportunity to do so, and so the district court basically, it said it didn't want to give the state a second bite at the apple with the evidence, but it took the apple without checking it for worms. The four errors constitute an extreme case in which the district court upended the purpose of federal habeas law, which as we know from precedent is comedy and finality. It allows for review, but with respecting state court decisions. In this case, the district court did not respect the state court decision, and this court should reverse so that the district court has an opportunity to do so. I'll save the rest of my time for rebuttal if there are no questions. Let me proceed. May it please the court, I'm Jonathan Sternberg from Kansas City, Missouri, and I represent the appellee, Jerry Franklin. Sorry, could you speak up just a little? Certainly. Sorry about that. You can raise the podium if that will help. I think it's as high as it'll go. I guess I'm too tall. Here we go. Can you hear me now, Your Honor? Thank you. Thank you very much. I'm Jonathan Sternberg, and I represent the appellee, Jerry Franklin. Your Honor, in this case, except perhaps in terms of a peculiar quirk of Missouri post-conviction law that makes it generally unclear how a person in Mr. Franklin's position, that is someone who pleaded guilty to an offense under Missouri state law, but is incarcerated outside of Missouri, as Mr. Franklin is, serving a concurrent federal sentence, can seek initial collateral review in Missouri state court. Judge Jackson correctly, under this court's precedence and the U.S. Supreme Court's precedence, determined that under the circumstances here, Mr. Franklin did exhaust the meager possibility of post-conviction relief that was afforded to him under Missouri law, and the conclusion in those proceedings unreasonably applied Flores-Ortega, the U.S. Supreme Court's decision, warranting 2254 relief. And the court should affirm what Judge Jackson held and allow Mr. Franklin his direct appeal in state court. Counsel, do you agree that the state court in denying PCR relief did that on a merits? Yes, I do agree with that, Your Honor. I do agree that the state court did so. Missouri law is a little weird on this point. So that fits squarely within our Martinez. This was Martinez, no default cases. No, it does not, because my client was never represented at any time in those initial collateral review proceedings. And the state, of course, had no dissent. But what case says that matters? That matters to the question of whether a default on appeal invokes Martinez. Martinez itself says that a procedural default will not bar a federal habeas court from hearing a... I know. Yeah, I know what it says, but it wasn't it wasn't focusing on this issue. I disagree, Your Honor, with one with one possible exception. Was there any showing that the state court denied a request by Mr. Franklin for the appointment of PCR counsel? It's weird to call this a PCR proceeding. It's a Rule 2907 motion to set aside a guilty. I understand. Let's stick to what, in my view, really matters. Sure. Did he request in that belated PCR exercise, did he request the assistance of counsel? I believe he did, Your Honor. Yes. Well, give me a record cite. I consider that very important. This will take me just a moment, Your Honor. It's in his 2907. That would be... Let's see. That's on pages 136 to 140 of the appellant's appendix. And he says that... Well, he... No, he does not... It doesn't appear he specifically does. I'd have to go through it. It's written in very small print, and it's quite long. But it's pages 136 to 140 of the appellant's appendix. I thought not. I think if he had requested and had been denied, that would bring it within the first of the two situations described in Martinez, which is no counsel or ineffective counsel. But here we don't have no counsel, at least not the fault of the state. And we don't have, therefore, an effective assistance of counsel. We have a decision on the merits of the state court by a pro se PCR applicant who did not request counsel. And I don't think Martinez covers that. Are you aware of any case that does? I think the plain language of Martinez covers that, Your Honor. There's... Okay, just take... Let's assume a disagreement on that. Do you have a case that if Martinez only talks about the state depriving one of counsel? No, it doesn't, Your Honor. It says if in the initial collateral review proceeding, there was no counsel. That's all it says. It doesn't say if he was deprived... Are you going to answer my question or just move on? Perhaps I didn't understand your question, Your Honor. I want to know if there's a case involving whether Martinez applies to a habeas petitioner who chose to be pro se in the state IEC or PCR proceeding where the court applied Martinez. Because there was no counsel, there was just a pro se applicant. I'm not aware of any case that says that, but I don't think that that reading of Martinez is correct. Martinez specifically says that there's no procedural default if in the initial review collateral proceeding, there was no counsel, not if he was deprived of the right to counsel. And also, Missouri Rule 2907D doesn't guarantee a right to counsel like ordinary Missouri post-conviction relief, 24035, that this court has heard review of many, many times, only applies when someone is in custody in the Missouri Department of Corrections. Here, that clearly doesn't apply. And the Gravey State case from just last year in the Missouri Court of Appeals confirms that it doesn't apply in those circumstances. State habeas corpus, which seems to be my opposing counsel's main thrust, that my client could have filed some Missouri State habeas corpus action, that fails as well. He ignores, again, Gray v. State, which is the only Missouri decision directly to discuss this. It's from the Missouri Court of Appeals Western District just last year. It's in our brief. He doesn't respond to it at all. Where they say that in fairness to an out-of-state convict, just like my client is, also in a collateral federal sentence, that it does not apply. And that's the plain language of Missouri's habeas corpus rule and statute. It says it only applies to a person committed detained, confined, or restrained of his liberty within this state. The cases that my opposing counsel cites all say, well, custody, the restraint of liberty doesn't have to be incarceration. It could be probation. It doesn't go to location at all, precisely. And the Gray case from just last year, the only one that does go to location, does hold that it does not apply in those circumstances. So you kind of fall into this hole. What about the lack of a hearing in this case? I'm happy to address that, Your Honor. First of all, I don't want to deflect your argument. If you want to make that up at a later time, that's all right. I think the briefs largely cover most of what I've been saying. I'm happy to address that, Your Honor, because that seems to be, from the reply brief, the other main thrust. I'd like to read, Your Honors, a quote from my opposing counsel's reply brief. He cites the US Supreme Court in Schreiro versus Landrigan as holding, quote, where the district court finds the state court record is insufficient to justify the petitioner's continued confinement, the district court must hold an evidentiary hearing where the petitioner's factual allegations, if true, would entitle him to habeas relief. He pin cites page 474. I've scoured Justice Thomas's opinion in that case. Nowhere in it, nowhere at all does it state that a district court must hold an evidentiary hearing in any circumstance. Instead, what it clearly says is that whether to hold an evidentiary hearing is in the sound discretion of the district court. Why is it an abuse of discretion not to the factual basis for the claim? A couple reasons. First of all, they don't argue once in their brief that Judge Jackson abused her discretion in denying their motion to alter or amend the judgment. That's the first time, the first time they ever asked for an evidentiary hearing or raised these supposed facts. And opposing counsel just told, Your Honors, that Judge Jackson never gave the state the opportunity to contest these allegations. Nonsense. She issued a show-cause order, ordering the state to show cause why the petition for writ of habeas corpus should not be granted. I've handled lots of these in district court. And typically, when the state is faced with an allegation of ineffective assistance of counsel, they attach an affidavit from opposing counsel, sorry, from trial counsel that says, I didn't do what is alleged of me. They certainly had that opportunity. And in fact, in her order denying them, so it's not about an apple with worms. It's about an apple that they were offered and never decided to take that first bite out of. And in her order denying their motion to alter or amend the judgment, which is also reviewed for abuse of discretion, Judge Jackson says that they make no showing, nor did they make any argument, that this evidence was discovered after the judgment, that they exercised due diligence to discover it before the entry of judgment. And therefore, for those reasons under Rule 59E, they couldn't establish the one claim for an evidentiary hearing that they ever made. What we have here instead is the state had multiple attempts, had multiple opportunities to present this evidence. They had notice of Mr. Franklin's meager attempt under Rule 2907D to seek post-conviction relief in Missouri State Court. They could have presented that in opposition there. They had notice certainly of his federal habeas proceedings for both the initial proceedings and then after they were state, they filed a supplemental response after the state. They could have presented it in there. They chose not to. And under these circumstances, and especially citing a case that doesn't in any way support the notion that they're trying, they're essentially trying to argue to this court that the U.S. Supreme Court says that there is some circumstance akin to here where a district court must hold an evidentiary hearing. The U.S. Supreme Court has never said such a thing, and they certainly didn't say it in that case. Moreover, even their out-of-whack quote is predicated on the state court record being insufficient to justify the petitioners seeking relief. And that's not something that Judge Jackson found at all. In fact, she said taking the record that was before the state court as true, which again, the state had the opportunity to respond to if they so desired. They had notice of it. They certainly knew when it was denied. They were the ones who informed Judge Jackson of it. She found that based on the record before the state court, as 2254D traditionally, I mean, it's the way that they talk about comedy and finality. Well, 2254D does not allow a federal district court to go beyond the state court record, especially when the first time that that's ever raised is after the district court's judgment. Also, the Cullen case, Cullen v. Pinholster, doesn't, as they say in their reply brief, simply mean that there can't be evidentiary hearings where the state court record sufficiently demonstrates a basis to deny relief. It simply says that under 2254D, the federal district court doesn't get to hear independent evidence, or it certainly isn't required to. I'll note that both Cullen and the case they cite, Shura v. Landrigan, are reversals of the Ninth Circuit requiring a district court to hold an evidentiary hearing. So both cases clearly support that there was no harm. I shouldn't say no harm. There was no legal error, no abuse of discretion, which they don't even argue for, in not holding an evidentiary hearing. The other thing I'd like to mention is this notion about waiver, that my client somehow waived his right to an appeal. He didn't. He didn't in any way. The cases about waiver, even the ones from the Third Circuit, and I think the other one was the Fifth Circuit, that he relies on, which I'll note this court's decision in Watson, which Judge Shepard was on the panel, is directly against. All of those concern your traditional sort of federal appeal waivers. When a federal defendant pleads guilty, often the AUSAs will require them to execute, in their plea agreement, an absolute waiver of appeal. That's all of those concern. Here, that's not what happened at all. There was the standard Missouri plea colloquy, where the judge says, now you understand that as to whether you're guilty or not guilty, you're not going to get a direct appeal. And he says, I understand that. Well, that's not a waiver of the right to appeal. You still get, had he wanted to, he could have filed a notice of appeal, and the Missouri Attorney General's Office wouldn't have been able to argue to the Missouri Court of Appeals that you waived your right to an appeal, and therefore, your appeal should be dismissed. It doesn't work that way. And the other interesting thing is, because of the hole that this case falls into, before 1989, when Rule 24035 and Rule 2915 were made the exclusive remedy for post-conviction relief, a person could do a direct appeal from a guilty plea and sentence after a guilty plea in Missouri, and ask for remand to the circuit court, to the I would submit to the court, as we get to the brief, that Mr. Franklin will be able to do that here. That's really what he wants. I mean, what he's looking to do is engage in actual, standard Missouri post-conviction relief. And Judge Jackson's decision, reasonably, correctly, and following precedent, allows him to do that. We'd ask the court to affirm that. Thank you, Thank you. Counsel, you have just under eight minutes. Thank you. I'd like to start by addressing opposing counsel's argument that Cullen v. Penholster can apply to prohibit the district court from holding an evidentiary hearing in this case. Cullen v. Penholster is a case that talks about how district courts should not go outside the state court record when a claim was fairly presented to a state court and decided there. In this case, the state never had an opportunity to refute Mr. Franklin's claims in the state court, because the state court summarily denied his claims. Now, opposing counsel talks about how the state had notice of this action in state court, but the record doesn't reflect that. Mr. Franklin didn't file a certificate of service on his state court claims, and the docket entries don't reflect that the state was ever served with a copy of Mr. Franklin's The state notified the district court of the decision later, but two years, almost two years after relief had been denied in Mr. Franklin's state court case, which strongly supports that the state didn't know about it until they later examined the docket entries of the case and found that his relief had been denied. But the state, importantly, never had an opportunity to present evidence, and when the district court found that the state court must have unreasonably applied federal law, that should have triggered a responsibility to require the petitioner to prove his claims. If the district court believed that petitioner's claims could have succeeded as a matter of law, if they stated a claim, then the district court should have required him to prove that claim. What my opposing counsel ignores is that the hate... Counsel, before you run out of time, would you reply to the argument that we should read Martinez's description of when it literally? Judge, I think that Martinez is pretty clear that it addresses only defaults that occur at an initial collateral review proceeding. So I think that you should read that requirement literally. Yes, that it only applies to the facts. You know what I'm talking about? I'm talking about the passage which says it applies when there was no counsel or ineffective counsel at the initial post-conviction proceeding, and here there was none. I see. That language doesn't apply to this case because that would apply Martinez to a default that hadn't even occurred at the preceding Martinez contemplates. So when the Supreme Court was discussing that rule, that statement in Martinez, they were talking about a default that had already occurred and could be excused by the lack of counsel at the initial collateral review proceeding. But in this case, Franklin's default had not occurred at that proceeding. So whether there was counsel there is irrelevant, and that just... That applies other case law like Smitty v. Lockhart that says just because an offender is per se doesn't excuse him. Now, to talk about the... Also, opposing counsel talked about how their problem with this case is that Missouri law is genuinely unclear about how Mr. Franklin can obtain relief, and that may be true, but that supports our argument that his claims are unexhausted because Snethen v. Nix requires that the district court find that it's manifest on the record that the petitioner can't pursue other forms of relief. And without examining the record, even if the cases opposing counsel's sites turn out to be the correct reading Missouri law, the district court didn't examine those cases, and it wasn't manifest on the record that the petitioner couldn't pursue state habeas relief. And therefore, the district court erred in excusing his responsibility to do so. So to sum up, in this case the district court excused Mr. Franklin's responsibility both to pursue his claims in state court, to file them at the correct times in state court, and then eventually to prove his claims. The district court should not have excused these errors, and it's resulting in an unprecedented vacation of a state judgment based on a claim that has never been proven and never been examined. Thank you. Thank you very much. Again, this case has been well argued and it is submitted.